

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00252-CR

———————————————

KEVIN E. BROMLEY, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1469526D

Before Bassel, Kerr, and Pittman, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

A jury found Appellant Kevin E. Bromley guilty of aggravated assault with a deadly weapon, assessed his punishment at six years' confinement, and recommended that his sentence be suspended and that he be placed on community supervision. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West 2011). In accordance with the jury's recommendation, the trial court sentenced Bromley to six years' confinement, suspended imposition of the sentence, and placed him on community supervision for six years.

Bromley's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Bromley of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Bromley's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Bromley had the opportunity to file a pro se response to the *Anders* brief and has done so. The State submitted a letter stating that it would not be filing a brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Bromley's pro se response. The record shows that Bromley was represented by an appointed attorney at trial. As one of the conditions of Bromley's community supervision, the trial court ordered him to pay "ATTORNEY FEES in the amount of $ <u>to be determined</u>." The written judgment in the record shows that the trial court ordered Bromley to pay $6,450 in attorney's fees.[1] However, there is no evidence in the record indicating a change in Bromley's status as an indigent defendant.

For purposes of assessing attorney's fees, once an accused is found to be indigent, he is presumed to remain so throughout the proceedings absent proof of a material change in his circumstances. *See* Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2018); *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

---

[1]On the judgment, the box is not checked beside "Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part thereof," and no such order appears in the appellate record. Our clerk's office confirmed with the district clerk's office that an order to withdraw funds was not prepared in this case.

Furthermore, the record must reflect some factual basis to support the determination that the appellant was capable of paying all or some of his attorney's fees at the time of the judgment. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2018); *Wiley*, 410 S.W.3d at 317 ("[I]n the absence of any indication in the record that [an indigent defendant's] financial status has in fact changed, the evidence will not support an imposition of attorney fees."). When the record does not contain a factual basis to support imposition of attorney's fees, the proper remedy is to delete them. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013).

Because our review of the record reveals that there was never a finding by the trial court that Bromley's financial circumstances changed such that he was able to pay all or a portion of his appointed attorney's fees, we modify the trial court's judgment to delete the improperly-assessed appointed attorney's fees. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has the authority to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed); *see also, e.g., Gonzalez v. State*, No. 07-16-00012-CR, 2016 WL 1604375, at *1 (Tex. App.—Amarillo Apr. 19, 2016, no pet.) (mem. op., not designated for publication) (holding that it was error for trial court to order indigent appellant to pay attorney's fees as a condition of community supervision and modifying judgment to delete attorney's fees); *Tarver v. State*, No. 02-13-00394-CR, 2014 WL 1510105, at *2 (Tex. App.—Fort Worth Apr. 17, 2014, no pet.) (mem. op.,

not designated by publication) (modifying judgment in *Anders* case to delete assessment of attorney's fees unsupported by record).

Except for this necessary modification to the trial court's judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 31, 2018